Gkeen, J.
delivered the opinion of the court.
The defendant was summoned, at the suit of the plaintiff, before a justice of the peace, to answer as a garnishee, what he was indebted to one Hartwell Pate. He appeared, and having answered, the justice gave judgment against the plaintiff for the costs; and refused to give judgment against the garnishee. From this . judgment the plaintiff appealed to the circuit court, where the defendant’s counsel moved the court to dismiss the cause for want of jurisdiction, which motion was sustained and the cause dismissed.
The bill of exceptions states, that the reason why the court refused to take jurisdiction, was, that the court was of opinion that the statute authorising appeals from the judgment of justices, did not extend to garnishment cases. In this opinion there is error. The act of 1809, ch. 63, sec. 1, (Car. & Nich. 92,) provides that “when any person or persons may be dissatisfied with the judgment of any justice of the peace, in any civil cause, such person or persons so dissatisfied, shall have a right to pray an appeal.”
The language in this statute is broad enough to embrace the case under consideration. After the issuance of the summons there is a cause pending between the original plaintiff and the garnishee. There is, therefore, no reason, why the act should not apply to this cause, as well as to any other.
But it is said that the legislature by another act, treating the garnishee as a witness, and allowing him compensation for his attendance when summoned, in the same manner that witnesses are paid, evince, that he is not to be regarded as a party to the suit. It may be remarked, in the first place, that it is not the province of the legislature to expound the meaning of previously existing laws. They can say what shall be the law, but are not authorized to say what it is. But the act referred to, does not indicate that the garnishee is not to be considered as a party to the cause. It was very proper that in a case where a man was to be proceeded, against, when he could not prevent it, when he was in no default, he should be protected from injury. The act of 1821, ch. 40, allowing a garnishee to stay execution of any judgment against him, is certainly no argument for restricting his right to appeal, when the words of the act allowing an appeal, are broad enough to cover his case.
The practice has constantly been to entertain appeals in these *305 ■cases. In the case of Turner vs. Armstrong, 9 Yer. 412, the garnishee appealed from a judgment rendered against him by a justice; which was affirmed in the circuit court, but which was reversed in this court. Let the judgment be reversed, and the cause be remanded to the circuit court to be proceeded in.